# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

JESSIE TUNSON-HARRINGTON,

      Plaintiff-Appellant,

v.

      Case No. 23-1105

ANDREW EWING, and
RICHARD SHYRIGH.

      Defendants-Appellees.

_____

On Appeal from the United States District Court
For the District of Colorado
The Honorable R. Brooke Jackson
Civil Action No. 1:19-cv-03705-RBJ-SKC

_____

## APPELLEES' RESPONSE BRIEF

_____

Respectfully submitted,

Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Parkway,
Suite C5000B
Brighton, CO 80601
Phone: (720) 523-6116

ORAL ARGUMENT IS NOT REQUESTED

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................... iii

STATEMENT OF RELATED CASES ....................................... 1

JURISDICTIONAL STATEMENT ............................................. 2

STATEMENT OF THE ISSUE ................................................. 4

    1.    Did the district court abuse its discretion in denying Mr. Tunson-Harrington's motion to reopen his case for failure to establish mistake, inadvertence, surprise or excusable neglect? ....... 4

STATEMENT OF THE CASE ................................................. 4

SUMMARY OF THE ARGUMENT ........................................ 12

STANDARD OF REVIEW ..................................................... 13

ARGUMENT ...................................................................... 15

    I. The District Court Did Not Abuse Its Discretion in Denying Mr. Tunson-Harrington's Motion to Reopen His Case. ........................... 16

CONCLUSION .................................................................. 19

CERTIFICATE OF COMPLIANCE WITH RULE 32(A) ...................... 21

CERTIFICATE OF DIGITAL SUBMISSION ....................................... 22

CERTIFICATE OF SERVICE................................................... 23

ATTACHMENTS.................................................................. 24

    Attachment 1 - District Court Doc No. 54 - Order to Show Cause filed June 23, 2021 ........................................................... 26

    Attachment 2 - District Court Doc No. 55 – Mail Returned as Undeliverable [54] filed July 7, 2021. ................................................. 32

Attachment 3 - District Court Doc No. 56 – Minute Order re: [55] Mail Returned, [54] Order to Show Cause – The Court Orders that this case be dismissed without prejudice for failure to prosecute filed July 12, 2021…………………………………………………………………………34

Attachment 4 - District Court Doc No. 57 – Final Judgment filed July 12, 2021…………………………………………………………………………37

# TABLE OF AUTHORITIES

**Cases**:

*Beugler v. Burlington N. & Santa Fe Ry. Co.*,
  490 F.3d 1224 (10th Cir. 2009) ............................................................ 16

*Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988) ...................... 2

*Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) ........................................ 19

*Cummings v. General Motors Corp.*, 365 F.3d 944 (10th Cir. 2004) ...... 15

*Divide Creek Irr. Dist. v. Hollingsworth*,
  72 F.2d 859 (10th Cir. 1934) ................................................................ 1

*Faircloth v. Hickenlooper*,
  758 F. App'x 659 (10th Cir. 2018) ...................................................... 17

*Haines v. Kerner*, 404 U.S. 519 (1972) ................................................... 3

*Hawkins v. Evans*, 64 F.3d 543 (10th Cir. 1995) ..................................... 4

*Hodson v. Kroll*, 712 F. App'x 831 (10th Cir. 2018) ................................. 3

*Jennings v. Rivers*, 394 F.3d 850 (10th Cir. 2005) ................................. 16

*Johnson v. Spencer*, 950 F.3d 680 (10th Cir. 2020) ............................... 15

*Lebahn v. Owens*, 813 F.3d 1300 (10th Cir. 2016) ............................. 2, 4

*MacCuish v. United States*, 844 F.2d 733 (10th Cir. 1988) .................... 18

*McRae v. Fed. Bureau of Prisons*, No. 21-4033,
  2021 WL 4486396 (10th Cir. Oct. 1, 2021) ......................................... 4

*Nielsen v. Price*, 17 F.3d 1276 (10th Cir. 1994) ...................................... 3

*Patterson v. Santini*, 631 F. App'x 531 (10th Cir. 2015) .............. 2, 12, 14

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
  507 U.S. 380, 395 (1993) .................................................................. 16

*Servants of Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000) ............. 14

*Theede v. United States DOL*, 172 F.3d 1262 (10th Cir. 1999) ............. 17

*United States v. Ahidley*, 486 F.3d 1184 (10th Cir. 2007) ....................... 1

*United States v. Lyman*, No. 98-4109,
   1998 U.S. App. LEXIS 32232 (10th Cir. Dec. 24, 1998). .................... 18

*United States v. Weidner*, 437 F.3d 1023 (10th Cir. 2006) .................... 14

*Yang v. Arhuleta*, 525 F.3d 925 (10th Cir. 2008). ................................... 3

*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281 (10th Cir. 2005) ..... 14

**Statutes**:

42 U.S.C. § 1983 ................................................................................. 6, 7

**Rules**:

Fed. R. App. P. 4(a)(1)(B) ...................................................................... 2

Fed. R. App. P. 4(a)(4)(A)(iii) ................................................................. 3

Fed. R. Civ. P. 60(b)(1) ................................................................. 3, 4, 16

Fed. R. Civ. P. 77(d)(2) ........................................................................... 3

Fed. R. Evid. 201 ................................................................................... 1

10th Cir. R. 28.2(C)(3) ........................................................................... 1

D. Colo. LCivR 5.1(c) ...................................................................... 8, 17

D. Colo. LCivR 41.2 ............................................................................... 2

## STATEMENT OF RELATED CASES

Mr. Tunson-Harrington has been incarcerated at the Adams County detention facility on several occasions. Including the present litigation against two named Adams County sheriff's deputies (the Sheriff's Deputies), Mr. Tunson-Harrington has filed at least one other federal case arising out of one or more of his incarcerations at the Adams County detention facility.[1] The defendants in that were not served and did not appear prior to the underlying dismissal of Mr. Tunson-Harrington's complaint, which was also for a failure to prosecute. That case is also currently on appeal to this Court. The other appeal is:

- *Tunson-Harrington v. Adams County Sheriff, et al*, Appeal No. 23-1103, appealing from Case No. 1:21-CV-01443-LTB.

---

[1] Pursuant to Fed. R. Evid. 201, 10th Cir. R. 28.2(C)(3), and the Court's inherent authority, the Court may take judicial notice of its own records and those of the district court. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (taking judicial notice of publicly filed records of the Court) & *Divide Creek Irr. Dist. v. Hollingsworth*, 72 F.2d 859, 862-63 (10th Cir. 1934) (same).

## JURISDICTIONAL STATEMENT

The Court's jurisdiction is limited to "judgments from which a timely notice of appeal has been filed." *Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016). A timely-filed notice of appeal is "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). Federal Rule of Appellate Procedure 4 requires a notice of appeal to be filed within 30 days after entry of the judgment. Fed. R. App. P. 4(a)(1)(A).

On July 12, 2021, the district court dismissed Mr. Tunson-Harrington's complaint without prejudice for failure to prosecute. Amd. R., Vol. 1 at 140. Final judgment was entered the same day. *Id.* at 142. Over nineteen months later, Mr. Tunson-Harrington filed a letter requesting his case be reopened. *Id.* at 143. He cited to no rule or legal authority in support of his request. The district court treated the letter as a motion and denied it. In doing so, the district court relied on this Court's analysis in *Patterson v. Santini*, 631 F. App'x 531, 533 (10th Cir. 2015), pertaining to administrative closures under D. Colo. LCivR 41.2. However, because final judgment had been entered in the case, liberally

construed,[2] Mr. Tunson-Harrington's letter was more aptly an attempt to invoke Fed. R. Civ. P. 60. *See*, *e.g.*, *Hodson v. Kroll*, 712 F. App'x 831, 832-33 (10th Cir. 2018).

When a motion for relief under Rule 60 is filed no later than twenty-eight days after the judgment is entered, the time to appeal the judgment then runs "from the entry of the order disposing [that] motion." Fed. R. App. P. 4(a)(4)(A)(iii). If a Rule 60(b) motion is filed more than twenty-eight days after the judgment is entered, then the time to appeal the order is not tolled. That remains the case even if the appealing party did not have notice of the entry of the order. Fed. R. Civ. P. 77(d)(2) ("Lack of notice of the entry does not affect the time for appeal or relieve . . . a party for failing to appeal within the time allowed" except as allowed by Fed. R. App. P. 4(a).).

---

[2] Courts liberally construe *pro se* motions and appeal briefs such as Mr. Tunson-Harrington's. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). *Pro se* plaintiffs, however, are not exempt from complying with the procedural rules applicable to all litigants. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Courts may not, moreover, act as advocates for pro se plaintiffs. *Yang v. Arhuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

As such, any grounds Mr. Tunson-Harrington may have had to challenge the district court's dismissal order on July 12, 2021 are forfeited due to the running of the time period to file an appeal. *See*, *e.g.*, *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (explaining that "an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment"); *see also McRae v. Fed. Bureau of Prisons*, No. 21-4033, 2021 WL 4486396, *5-6 (10th Cir. Oct. 1, 2021) (applying Rule 60 timing principles to an inmate appeal).

Mr. Tunson-Harrington's notice to appeal is only timely with respect to the district court's denial of his post-judgment letter. Accordingly, the Court only has jurisdiction to review the district court's denial of that motion. *See Lebahn*, 813 F.3d at 1305.

## STATEMENT OF THE ISSUE

1.     Did the district court abuse its discretion in denying Mr. Tunson-Harrington's motion to reopen his case for failure to establish mistake, inadvertence, surprise or excusable neglect?

## STATEMENT OF THE CASE

On or about April 1, 2018, Mr. Tunson-Harrington alleges he was

improperly arrested by officers with the Aurora Police Department. Amd. R., Vol. 1 at 43. In consequence, he was held at the Adams County detention facility starting on April 1, 2018. *Id.* at 11 & 21. The Adams County detention facility's mailing address is 150 North 19th Avenue, Brighton, CO 80601-1951. *Id.* at 20.

On April 20, 2018, after posting a bond but prior to his pending release from the detention facility, Mr. Tunson-Harrington alleges two Adams County sheriff's deputies, Deputies Ewing and Shyrigh, assaulted him. Amd. R., Vol. 1 at 43-44. He also alleges that the third-party medical provider, WellPath, failed to adequately assess or treat his resulting injuries. *Id.* at 44. Thereafter, and at some point prior to the filing of original complaint in this case, Mr. Tunson-Harrington was transferred out of the Adams County detention facility to the Rose Medical Center in Denver and then the Pueblo State Hospital. *Id.* at 45. Mr. Tunson-Harrington alleges he has been diagnosed schizophrenic / bipolar with psychosis and now suffers, among other things, blackouts, concussions, and seizures stemming, at least in part, from the alleged incident. *Id.* at 13; 46.

By no later than December 10, 2019, Mr. Tunson-Harrington was back in custody at the Adams County detention facility. Amd. R., Vol. 1 at 53. There he initiated a series of internal grievances regarding WellPath's alleged failure to provide him adequate medical treatment. *Id.* at 50-60.

On December 26, 2019, he filed the present case *pro se*, asserting among other things, a claim for excessive force against the deputies under 42 U.S.C. § 1983. Amd. R., Vol. 1 at 2 & 20. On December 31, 2019, the district court ordered Mr. Tunson-Harrington to file an amended prisoner complaint. He did so on January 30, 2020, again from the Adams County detention facility. *Id.* at 35 & 48.

On February 19, 2020, Mr. Tunson-Harrington filed a motion for appointment of counsel. Amd. R., Vol. 1 at 3 (Dkt. 11). On February 24, 2020, he voluntarily amended his complaint for a second time, although styled as a "reamended complaint." He filed this complaint from the Adams County detention facility. *Id.* at 61 & 72. Again the Court, after reviewing Mr. Tunson-Harrington's newest complaint, ordered him to file another amended prisoner complaint. *Id.* at 73-86. Again he did so-this

time as the operative Second Amendment Complaint. *Id.* at 87. Again it was filed from the Adams County detention facility. *Id.* at 107.

The Second Amended Complaint was reviewed by a magistrate judge who recommended that it be dismissed in part. Amd. R., Vol. 1 at 3 (Dkt. 18). On May 4, 2020, the district court issued an order accepting and adopting the recommendation. *Id.* at 4 (Dkt. 20). The sole remaining claim against the named defendants was the excessive force claim against Deputies Ewing and Shyrigh. *Id.* at 126-127. On May 13, 2020, Mr. Tunson-Harrington filed a motion seeking to vacate to the district court's order of reference to a magistrate judge. *Id.* at 4 (Dkt. 23). On May 15, 2020, the Court granted Mr. Tunson-Harrington's motion to appoint pro bono counsel by referring his case to the district court's civil pro bono program. *Id.* at 4 (Dkt. 25); Aple. App'x at 9-11.

In a later dated May 12, 2020, Mr. Tunson-Harrington mailed a letter to the district court indicating he was overdue to be released from the Adams County detention facility since May 11th. Aple. App'x at 12. The letter was mailed from the Adams County detention facility on May 13th and received by the district court on May18th. *Id.* at 13. In his letter,

Mr. Tunson-Harrington indicated that after his release, his mailing address would be 4981 Crown Blvd., Denver, CO 80239. *Id.* at 12. Upon his release from the detention facility, Mr. Tunson-Harrington did not otherwise file a notice of change in address pursuant to the district court's local rule of civil procedure, D.C. COLO. LCivR 5.1(C). *See* Amd. R., Vol. 1 at 4-5.

On May 19, 2020, the Court denied a procedural motion from Mr. Tunson-Harrington to vacate the order of reference. Amd. R., Vol. 1 at 4 (Dkt. 29). The Court transmitted the order to the Adams County detention facility. The mail was returned as undeliverable, along with a series of other mailings sent to Mr. Tunson-Harrington. *Id.* at 5 (Dkt. 30-35). The returned mail informed the Court that Mr. Tunson-Harrington was no longer at the Adams County detention facility. Aple. App'x at 14.

Over two months later, on July 28, 2020, Deputies Ewing and Shyrigh answered the Second Amended Complaint. *Id.* at 5 (Dkt. 42) & 128-131. Between May 12, 2020 and November 2020, Mr. Tunson-Harrington did not file anything with the Court. Amd. R., Vol. 1 at 4-(Dkt. 27 to 43).

8

On November 23, 2020, the district court issued a show cause order as to why the case should not be dismissed without prejudice for a failure to prosecute. *Id.* at 133. The district court indicated that no volunteer lawyer willing to take Mr. Tunson-Harrington's case had been found. *Id.* The district court gave Mr. Tunson-Harrington until December 7, 2020 to respond to the show cause order. *Id.* He did not do so.

Nothing further happened in the case until March 2021. On March 2, 2021−over three months after the district court issued its show cause order–Mr. Tunson-Harrington filed two letters with the district court. Amd. R., Vol. 1 at 5 (Dkt. 44 & 45). The first letter notified the district court that he was now located in the Pueblo State Hospital, 1600 West 24th Street, Pueblo, CO 81003, requested a status update, and asked to be put in contact with his attorney. Aple. App'x at 15. The second letter also requested contact information for his attorney. Aple. App'x at 17.

The next day by an extensive minute order, the district court provided a summary of the case history and noted that it had neglected to rule on the unanswered order to show cause. Amd. R., Vol. 1 at 5-6 (Dkt. 46). The district court reiterated that no volunteer lawyer willing

to take Mr. Tunson-Harrington's case had been found through the civil pro bono program. *Id.* at 6. Despite Mr. Tunson-Harrington's failure to answer the order to show cause, the district court nevertheless allowed Mr. Tunson-Harrington to proceed forward on his case provided that he was willing and able to prosecute his case pro se. *Id.* Otherwise, the district court advised Mr. Tunson-Harrington his case would be dismissed without prejudice. *Id.*

Another round of requests for the appointment of a pro bono attorney or the appointment of a private attorney at public expense were filed by Mr. Tunson-Harrington, which were denied. Amd. R., Vol. 1 at 6-7 (Dkts. 49 to 51). Then Mr. Tunson-Harrington filed another change of address back to the Adams County detention facility. *Id.* at 7 (Dkt. 52); Aple. App'x at 19. Shortly thereafter, however, when the district court attempted to mail him a file-stamped copy of his change of address form at the detention facility, it was returned as undeliverable because Mr. Tunson-Harrington was no longer at the detention facility. Amd. R., Vol. 1 at 7 (Dkt 53); Aple. App'x at 20. After nearly another month, Mr. Tunson-Harrington still had not filed anything further with the court.

Amd. R., Vol. 1 at 7 (Dkts 53 to 54).

On June, 23, 2021, the district court issued its final show cause order. Amd. R., Vol. 1 at 133-139. It determined Mr. Tunson-Harrington was again no longer an inmate at the Adams County detention facility by reviewing the facility's inmate locator. *Id.* at 138.[3] Mr. Tunson-Harrington did not respond to the show cause order. *Id.* at 7 (Dkts 54 to 57.) On July 12, 2021, the district court dismissed the case without prejudice for failure to prosecute. *Id.* at 140. Final judgment entered the same day. *Id.* at 142.

Nearly eight months later, Mr. Tunson-Harrington filed two new change of address forms with the court within a week of each other both to the same address: 9700 E. Illiff Ave., Denver, CO 80231. Amd. R., Vol. 1 at 7 (Dkt. 59 & 60); Aple. App'x at 23-24. Yet again, when the district court attempted to mail him a file-stamped copy of his change of address form at his new Denver address, it was returned as undeliverable. *Id.* at 7 (Dkt. 61); Aple. App'x at 25.

---

[3] Although the district court did not provide the URL for the Adams County Detention Facility inmate search, it is located at: http://search.adamscountysheriff.org/inmatesearch.php.

Nothing further happened in the case for nearly another 11 months. On February 28, 2023, Mr. Tunson-Harrington filed a letter requesting his case be reopened. Amd. R., Vol. 1 at 143. He cited to no rule or legal authority in support of his request. At the time of filing, he was located at yet another address in Denver. *Id.* at 144.

The district court treated the letter as a motion to reopen the case. Amd. R., Vol. 1 at 145. In doing so, the district court relied on this Court's analysis in *Patterson*, 631 F. App'x at 533 (10th Cir. 2015), pertaining to administrative closures under D. Colo. LCivR 41.2. *Id.* at 150. After evaluating the various factors and finding no good cause or excusable neglect for Mr. Tunson-Harrington's failure to prosecute his case, the district court denied the motion. *Id.* at 149-151.

Mr. Tunson-Harrington filed his notice of appeal on April 3, 2023. Amd. R., Vol. 1 at 7 (Dkt. 64); 153-57.

## SUMMARY OF THE ARGUMENT

The district court was entitled to rely on the contact information filed by Mr. Tunson-Harrington. Changes in address (especially those lying wholly within the same district) do not justify a plaintiff's repeated

non-compliance with court orders or non-participation in case scheduling. Prior to dismissal, Mr. Tunson-Harrington abandoned his case for two separate periods of time totaling 10 months. Moreover, after dismissal, Mr. Tunson-Harrington continued to abandon his case for another two periods of time totaling another 19 months before he yet again sought to reopen his case. But yet another change in address does not warrant reopening a dismissed case.

The district court gave Mr. Tunson-Harrington multiple opportunities to prosecute his case and repeatedly warned him of the consequences of failing to do so. When the district court did dismiss his case, it did so without prejudice. The district court's order, therefore, denying Mr. Tunson-Harrington's request to revive a long-dismissed case was not an abuse of discretion.

## STANDARD OF REVIEW

As noted above, the district court treated Mr. Tunson-Harrington's letter motion as arising under D. Colo. LCivR 41.2 pertaining to administrative closures. Amd. R., Vol. 1 at 151 (applying *Patterson*, 631 F. App'x at 533 (10th Cir. 2015)). Because final judgment had been

13

entered, however, the case was not merely administratively closed. Mr. Tunson-Harrington's letter motion, therefore, more properly falls under Rule 60(b). Whether under Rule 60(b) or as a request to reopen an administratively closed case, this Court reviews a district court's denial of such a motion for an abuse of discretion. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (quotation omitted); *Patterson*, 631 F. App'x at 533 (10th Cir. 2015)

 "An abuse of discretion occurs when the district court's decision is arbitrary, capricious, or whimsical, or results in a manifestly unreasonable judgment." *United States v. Weidner*, 437 F.3d 1023, 1042 (10th Cir. 2006) (quotation omitted).

In particular, Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Cummings v. General Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004). The denial of a Rule 60(b) motion will be reversed only if the Court finds "a complete absence of a reasonable basis

and [is] certain that the decision is wrong." *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020) (quotation omitted).

## ARGUMENT

Of the various issues raised and arguments made by Mr. Tunson-Harrington in his opening brief, only two pertain to a post-judgment motion and are now reviewable on appeal.[4] *See* Jurisdictional Statement, *above*. Namely, Mr. Tunson-Harrington argues he did in fact keep the court informed as to his current address. (Op. Br. at 8). He also argues the district court "didn't consider" Mr. Tunson-Harrington's time in a "state hospital suffering brain injur[ies] from the [a]ttacks." *Id.*

---

[4] Mr. Tunson-Harrington also conclusorily alleges the district court "dismissed my issues for no reason and didn't state why." (Op. Br. at 8). This appears to be a challenge to either the district court's July 12, 2021 minute order dismissing the case for failure to respond to the show cause order or the district court's March 6, 2023 order denying the letter motion to reopen the case. If the former, Mr. Tunson-Harrington did not timely appeal the minute order (which in any event incorporates the reasoning of the June 23, 2021 order to show cause). If the latter, the district court's seven-page order more than satisfies any obligation to provide the reasons why the district court denied the motion.

## I.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING MR. TUNSON-HARRINGTON'S MOTION TO REOPEN HIS CASE.

A district court "may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). To determine whether neglect is excusable, courts take "'account of all relevant circumstances surrounding the party's omission,'" including "'the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *Id.* at 856-57 (quotation marks omitted). Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2009) (quotation omitted).

Parties "bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change." *Theede v. United States DOL*, 172 F.3d 1262, 1267 (10th Cir. 1999). "The fact that [a party] is acting pro se does not eliminate this burden." *Id.* The district court and defense counsel were entitled to rely on the contact information that had been filed by Mr. Tunson-Harrington. *See Faircloth v. Hickenlooper*, 758 F. App'x 659, 660 (10th Cir. 2018) (unpublished) (litigant has a duty to provide the district court with a current mailing address.), *citing* D. Colo. LCivR 5.1(c).

Here, Mr. Tunson-Harrington repeatedly abandoned his lawsuit for months on end–usually after being released from custody. On occasion, he would update his address, but not always. When he was in the state hospital in Pueblo, he was at least able to make inquiries of the district court by letter. The events leading to the initial dismissal of this case, however, evidently had nothing to do with his time in the state hospital. He was rather released from the Adams County detention facility. Despite just having provided a change of address form upon his reception

at the detention facility, he did not update that information upon departure.

When he reappeared over nine months later, he was living at another address in Denver. But Mr. Tunson-Harrington did not offer any concrete justification to the district court as to why he did not update his address upon his last release from Adams County detention facility. Nor does anything in the materials submitted to the district court establish how he was caught by surprise in his own litigation. Mr. Tunson-Harrington wanted and may have benefited from pro bono counsel, but he was not entitled to it in civil litigation. *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988) (there is no constitutional or statutory right to counsel in a civil case). "[I]nexperienc[e] in matters of litigation" and "difficulty obtaining counsel does not provide a valid reason for the delay[.]" *United States v. Lyman*, No. 98-4109, 1998 U.S. App. LEXIS 32232 *15 (10th Cir. Dec. 24, 1998).

Having initiated this litigation, it was Mr. Tunson-Harrington's obligation to actively prosecute it. This he failed to do. The district court, therefore, did not abuse its discretion in denying Mr. Tunson-

Harrington's motion to reopen his case. *See*, *e.g.*, *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to prosecute where 'Order Directing Service of Process and Procedures' sent to plaintiff by court was returned as undeliverable; local rule "confer[red] discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fail[ed] to keep the court apprised of his correct address").

## CONCLUSION

Mr. Tunson-Harrington repeatedly abandoned his own lawsuit. He disappeared from his case for months at a time. He did not otherwise actively participate in the case after filing his last complaint. And he did not schedule the case for a management conference as ordered by the district court. Having chosen to proceed in such a fashion, Mr. Tunson-Harrington cannot now complain either that his case was dismissed without prejudice for failure prosecute, or that the district court denied his second attempt to resuscitate his case. This Court, therefore, should affirm the district court's denial of Mr. Tunson-Harrington's post-judgment motion.

Dated: June 26, 2023        Respectfully submitted,

*s/Michael A. Sink*
Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO 80601
Phone: (720) 523-6116
Fax: (720) 523-6114
msink@adcogov.org
*Counsel for Appellees,*
*Deputy Andrew Ewing and*
*Deputy Richard Shyrigh*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

1.     This brief complies with the page limitation of Fed. R. App. P. 32(a)(7)(A) because:

[**x**] this brief does not exceed thirty pages, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(ii), or

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[**x**] this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in font 14, Century Schoolbook.

Dated: June 26, 2023

*s/Michael A. Sink*
Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone:  (720) 523-6116
Fax:  (720) 523-6114
msink@adcogov.org
*Counsel for Appellees,*
*Deputy Andrew Ewing and*
*Deputy Richard Shyrigh*

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission  is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, TrendMicro Apex One Security Agent version 14.0.10064, and according to those programs are free of viruses.

*s/Michael A. Sink*
Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone:  (720) 523-6116
Fax:  (720) 523-6114
msink@adcogov.org
*Counsel  for Appellees,*
*Deputy Andrew Ewing and*
*Deputy Richard Shyrigh*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, I caused the forgoing to be electronically filed with the Clerk of the Court using the PACER system; and delivered via FedEx seven (7) hard copies to the court with in five (5) business days.

I further certify that I sent a copy of the foregoing to *pro se* Plaintiff Jesse Tunson-Harrington via U.S. mail, postage prepaid, to:

Jessie Tunson-Harrington
Booking No. 2022443858
Denver Sheriff's Department
PO Box 1108
Denver, CO 80201

_s/Michael A. Sink_
Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone:  (720) 523-6116
Fax:  (720) 523-6114
msink@adcogov.org
*Counsel  for Appellees,*
*Deputy Andrew Ewing and*
*Deputy Richard Shyrigh*

23

# ATTACHMENTS

Attachment 1 - District Court Doc No. 54 - Order to Show Cause filed June 23, 2021.

Attachment 2 - District Court Doc No. 55 – Mail Returned as Undeliverable [54] filed July 7, 2021.

Attachment 3 – District Court Doc No. 56 – Minute Order re: [55] Mail Returned, [54] Order to Show Cause – The Court Orders that this case be dismissed without prejudice for failure to prosecute filed July 12, 2021.

Attachment 4 – District Court Doc No. 57 – Final Judgment filed July 12, 2021.

Attachment 1

District Court Doc No. 54 - Order to Show Cause

June 23, 2021.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:19-cv-03705-RBJ-SKC

JESSIE TUNSON-HARRINGTON,

    Plaintiff,

v.

EWING, Adams County Sheriff's Deputy,
SHYREIGH, Adams County Sheriff's Deputy, and
JOHN DOE, Unknown Deputy, Aurora Police Department,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

Plaintiff, at the time a pretrial detainee in the Adams County Detention Facility ("Adams County Jail") filed this action pro se on December 26, 2019. In his Second Amended Complaint, filed March 24, 2020, the plaintiff alleged that he was illegally stopped by Aurora police officers on April 1, 2018; that he was arrested without probable cause for violating a protection order that was dismissed in May 2017; that on April 20, 2018 he was subjected to excessive force by Deputies Ewing and Shyreigh; and that he was not provided adequate medical care for the injuries resulting from the excessive force. ECF No. 15. The Second Amended Complaint was reviewed by a magistrate judge, consistent with the district's practice of reviewing pro se, in forma pauperis complaints. On April 8, 2020 the magistrate judge recommended that the Second Amended Complaint be dismissed without prejudice in part (a section 1983 claim for malicious

1

prosecution; a Fourth Amendment claim of false arrest against John Doe and the Aurora Police

Department, Eighth and Fourteenth Amendment claims for denial of adequate medical care

against Jane Doe Nurse, Well Path, Inc., and Correct Care Solutions; a section 1983 claim

against defendants Rieganborn; and a Fourteenth Amendment excessive force claim against

defendants Ewing and Shyreigh in their official capacities.  ECF No. 18 at 15-16.  However, the

magistrate judge also recommended that plaintiff's Fourth Amendment false arrest claim against

John Doe and Fourteenth Amendment claims against defendants Ewing and Shyreigh in their

individual capacities be drawn to a presiding district judge.  *Id.* at 16.  On May 4, 2020 Judge

Babcock issued and order accepting and adopting the recommendation.  ECF No 20.   The case

was reassigned to me on May 15, 2020.

Plaintiff had moved for appointment of pro bono counsel.  Magistrate Judge Crews

granted the motion.  ECF No. 25.  However, despite substantial efforts by the Court's legal

officer to find a lawyer willing to take the plaintiff's case on a volunteer basis, a volunteer

lawyer could not be found.  Also, the file reflects that beginning on May 26, 2020 and continuing

thereafter, all mailings sent by the Court to the plaintiff at his address of record, the Adams

County Jail, were returned as undeliverable.  *See* ECF Nos. 30-35.  Meanwhile, defendants were

served and, on July 28, 2020, they filed an Answer to the Second Amended Complaint.  ECF No.

42.

Plaintiff did nothing to prosecute the case.  On November 23, 2020 the Court issued an

order to show cause by December 7, 2020 as to why the remainder of the case should not be

dismissed without prejudice for failure to prosecute.  ECF No. 43.  Plaintiff did not respond.  The

Court should have dismissed the case in December 2020 without prejudice, but due to an

oversight, the case was not dismissed.   Nothing happened until March 2, 2021 when the plaintiff

filed two letters, the first notifying the Court that he was now located in the Pueblo State

Hospital, and the second requesting a report on the status of his case and requesting contact

information for his attorney.   ECF Nos. 44 and 45.   On the next day the Court by minute order

provided a summary of the case history; noted that it should have dismissed the case for failure

to prosecute in December 2020, and stated, "If plaintiff is able and willing to prosecute this case

pro se he is directed to indicate what he is able and planning to do.   Otherwise, the case will be

dismissed without prejudice for failure to prosecute.   Plaintiff is directed to provide this

information no later than March 17, 2021."  ECF No. 46.   On March 12, 2021 plaintiff filed a

"motion to reinstate my civil lawsuit and appointment of counsel."  ECF No. 47.   Although he

listed his address as 1600 West 24the Street, Pueblo CO 81003, he stated that the "Adams

County Jail has not been giving me my mail and has been holding me isolated from the General

Population." *Id.*

  In response, on March 18, 2021 the Court granted his motion to reinstate the case but

reminded him that it had tried unsuccessfully to find a volunteer lawyer to represent him.   ECF

No. 48.   The Court added that if plaintiff is serious about wanting and being able to prosecute the

case, the parties should promptly contact Magistrate Judge Crews' Chambers to set a Scheduling

Conference.   *Id.*  To the best of the Court's knowledge, the parties did not contact the magistrate

judge's chambers or set a scheduling conference.   Instead, the Court received two more letters

from the plaintiff.   One, which was filed on March 18, 2021, briefly summarized plaintiff's

claims and requested that judgment enter in his favor.   ECF No. 49.   The other letter, filed on

April 12, 2021 requested that the Court appoint attorney Gil Romero to represent him, and

reiterated that plaintiff was located at the Pueblo State Hospital at 1600 W. 24the Street, Pueblo CO 81003.  ECF No. 50.  The Court by minute order issued April 13, 2021 asked the plaintiff to file motions rather than sending letters to the Court, and once again informed the plaintiff that the Court had been unable to find a volunteer lawyer to represent him (and that it could not appoint Mr. Romero at public expense to represent him in this case).  ECF No. 51.

Still, no effort was made by the plaintiff to set a Scheduling Conference or otherwise to prosecute this case.  However, on May 20, 2021 the plaintiff filed a notice of another change of address, back to the Adams County Detention Facility at 150 Ninth Ave., PO Box 5001, Brighton, CO 80601-5001.  ECF No. 52.  But the Court's attempt to send mail to plaintiff at the new address was returned as undeliverable.  ECF No. 53.  We have today checked the Adams County Detention Facility's inmate search, and it indicated that an inmate by the name Jessie Tunson-Harrington is not there.

**Accordingly, the Court again issues this Order to Show Cause, by July 9, 2021 as to why this civil action should not be dismissed without prejudice for failure to prosecute.**  A letter indicating plaintiff's desire to keep the case alive will not suffice.  If he is not able to make a convincing showing that he is both able to prosecute the case, that he is willing to prosecute the case, and how he plans to go about the prosecution of the case, the Court will dismiss the case without prejudice.  If this order is returned as undeliverable from the most recent address he provided, the case will be dismissed without prejudice.  The Court's patience with the plaintiff's failure to do anything to prosecute the case (which has also left the defendants in limbo) is coming to an end.

DATED this 23rd day of June, 2021.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

Attachment 2

District Court Doc No. 55 – Mail Returned as Undeliverable [54]

July 7, 2021.



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901-19TH ST., ROOM A105
DENVER, CO 80294-3589

OFFICIAL BUSINESS

UNITED STATES DISTRICT COURT
DENVER, COLORADO

F I L E D

JUL 07 2021

JEFFREY P. COLWELL
CLERK

19·Cv·3705·RBJ·SKC
#54

RETURN TO SENDER
Addressee No Longer at this Address

Jessie-Tunson-Harrington
#202000007209
Adams County Detention Facilyt
150 North 19th Avenue
PO Box 5001
Brighton, CO 80601-5001

NIXIE        808    DO  1      0007/01/21
        RETURN TO SENDER
            REFUSED
        UNABLE TO FORWARD

BC:  80294250099        *1736-02392-24-41

DENVER CO 802
SPECIAL MAIL
OPEN ONLY IN THE
PRESENCE OF THE
INMATE

24 JUN 2021 PM 2 L

US POSTAGE $00.71°

FIRST-CLASS MAIL

ZIP 80294
041L11245087

32

Attachment 3

District Court Doc No. 56 – Minute Order re: [55] Mail Returned, [54]

Order to Show Cause – The Court Orders that this case be dismissed

without prejudice for failure to prosecute

July 12, 2021.

| | |
|---|---|
| **From:** | COD_ENotice@cod.uscourts.gov |
| **To:** | COD_ENotice@cod.uscourts.gov |
| **Subject:** | Activity in Case 1:19-cv-03705-RBJ-SKC Tunson-Harrington v. Ewing et al |
| **Date:** | Monday, July 12, 2021 12:45:42 PM |

Please be cautious: This email was sent from outside Adams County

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court - District of Colorado

### District of Colorado

### Notice of Electronic Filing

The following transaction was entered on 7/12/2021 at 12:42 PM MDT and filed on 7/12/2021

| | |
|---|---|
| **Case Name:** | Tunson-Harrington v. Ewing et al |
| **Case Number:** | 1:19-cv-03705-RBJ-SKC |
| **Filer:** | |
| **Document Number:** | 56(No document attached) |

**Docket Text:**
**MINUTE ORDER re: [55] Mail Returned, [54] Order to Show Cause. The Court orders that this case be dismissed without prejudice for failure to prosecute. By Judge R. Brooke Jackson on 7/12/2021. Text Only Entry (rbjsec. )**

**1:19-cv-03705-RBJ-SKC Notice has been electronically mailed to:**

Kerri Ann Booth    kbooth@adcogov.org, kvis@adcogov.org, tbamford@adcogov.org

**1:19-cv-03705-RBJ-SKC Notice has been mailed by the filer to:**

Jessie Tunson-Harrington
150 North 19th Avenue
PO Box 5001
Brighton, CO 80601-5001

**Full docket text for document 56:**
MINUTE ORDER re: [55] Mail Returned, [54] Order to Show Cause. The Court orders that this case be dismissed without prejudice for failure to prosecute. By Judge R. Brooke Jackson on 7/12/2021. Text Only Entry (rbjsec. )

---

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/19/2021 08:42:36 | | |
| **PACER Login:** | AdamsCounty:2501930:5225894 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:19-cv-03705-RBJ-SKC |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Attachment 4

District Court Doc No. 57 – Final Judgment

July 12, 2021.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-03705-RBJ-SKC

JESSIE TUNSON-HARRINGTON,

     Plaintiff,

v.

EWING, Adams County Sheriff
SHYREIGH, Adams County Sheriff Deputy in his individual capacity

     Defendants.

---

**FINAL JUDGMENT**

---

     In accordance with the orders filed during the pendency of this case, and

pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

     Pursuant to the text only MINUTE ORDER [ECF No. 56] of Judge R. Brooke

Jackson entered on July 12, 2021, it is

     ORDERED that this case is DISMISSED WITHOUT PREJUDICE for failure to

prosecute.

     Dated at Denver, Colorado this 12th July, 2021.

                    FOR THE COURT:

                    JEFFREY P. COLWELL, CLERK

           By:  s/   J. Dynes
                          J. Dynes,
                          Deputy Clerk